IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-353

 No. COA20-581

 Filed 20 July 2021

 Richmond County, No. 19 CRS 001157

 STATE OF NORTH CAROLINA,

 v.

 CHRISTOPHER HUCKABEE, Defendant.

 Appeal by Defendant from judgment entered 4 December 2019 by Judge

 Stephan R. Futrell in Richmond County Superior Court. Heard in the Court of

 Appeals 27 April 2021.

 Attorney General Joshua H. Stein, by Assistant Attorney General Ann K.
 Cosper, for the State.

 Daniel J. Dolan for Defendant-Appellant.

 GRIFFIN, Judge.

¶1 Defendant Christopher Huckabee appeals from a judgment entered upon his

 convictions for assault with a deadly weapon inflicting serious injury and attaining

 the status of a habitual felon. Defendant argues that the trial court erred by (1)

 denying Defendant’s motion to dismiss the charges; (2) failing to dismiss the

 indictment due to a fatal variance between the indictment and the evidence presented

 at trial; (3) failing to instruct the jury on the lesser included offense of assault with a
 STATE V. HUCKABEE

 2021-NCCOA-353

 Opinion of the Court

 deadly weapon; and (4) entering a civil judgment ordering Defendant to pay

 attorney’s fees without providing Defendant notice and an opportunity to be heard.

 Upon review, we hold that the trial court’s failure to instruct the jury on the lesser

 included offense of assault with a deadly weapon constitutes reversible error. We

 therefore vacate the judgment entered upon Defendant’s convictions and remand for

 a new trial. We also vacate the civil judgment as to attorney’s fees.

 I. Factual and Procedural Background

¶2 The present case centers around a jailhouse fight that occurred between

 several inmates at the Richmond County Jail.

¶3 During the early morning hours on 14 April 2019, Officer Gregory Riggins was

 working an overnight shift at the Richmond County Jail. After hearing some noise

 emanating from the “C Block” of the jail, Officer Riggins walked over to the C Block

 and heard inmate Matthew Winfield yelling, “Let me out the cell.” When Officer

 Riggins asked Mr. Winfield what was wrong, Mr. Winfield responded that another

 inmate had “thr[own] pee on him.”

¶4 Officer Riggins then released Mr. Winfield from his cell and into the “day area”

 of the C Block just outside the cell. At the time, three other inmates were present in

 the day area of the C Block. After Mr. Winfield was released from his cell, one of the

 inmates in the day area “took a broom and started hitting on [Mr.] Winfield.” Shortly

 thereafter, Officer Jonathan Nails responded to the scene to assist Officer Riggins.
 STATE V. HUCKABEE

 2021-NCCOA-353

 Opinion of the Court

 Officer Nails testified that he witnessed three inmates, including Defendant,

 “punching and stomping Mr. Winfield” and that “[Defendant] had the broom in his

 hand and struck Mr. Winfield.” After the altercation ended, officers observed that

 Mr. Winfield had a bleeding nose, bruised face, and “red marks and welts” on the

 forehead and back.

¶5 Mr. Winfield was later transported to Richmond Memorial Hospital where he

 was evaluated by emergency physician Dr. Jonathan Brower. At trial, Dr. Brower

 confirmed that Mr. Winfield had “multiple fractures to the nasal area” and one

 fracture “underneath the eye.” When asked to describe the typical level of pain

 caused by such fractures, Dr. Brower testified that “[i]t tends to be uncomfortable for

 a few days” but that “it’s not quite the same as like a broken arm, because you’re

 generally not moving that part of your body as much.” Mr. Winfield was discharged

 from the hospital approximately one hour and thirty minutes after admission. When

 asked why Mr. Winfield was not kept in the hospital for a longer period, Dr. Brower

 testified, “We typically don’t need to keep anybody longer for these types of injuries.”

¶6 A Richmond County grand jury returned true bills of indictment charging

 Defendant with assault with a deadly weapon inflicting serious injury and attaining

 the status of a habitual felon. During the jury charge conference, the trial court

 agreed to instruct the jury on two lesser included offenses of assault with a deadly

 weapon inflicting serious injury: (1) simple assault and (2) assault inflicting serious
 STATE V. HUCKABEE

 2021-NCCOA-353

 Opinion of the Court

 injury. The trial court declined to instruct the jury on the lesser included offense of

 assault with a deadly weapon, despite Defendant’s requests that the instruction be

 included.

¶7 On 4 December 2019, a jury found Defendant guilty of assault with a deadly

 weapon inflicting serious injury. Defendant then pled guilty to attaining the status

 of a habitual felon. Defendant provided oral notice of appeal in open court.

 II. Analysis

¶8 Defendant argues that the trial court erred by (1) denying Defendant’s motion

 to dismiss the charges; (2) failing to dismiss the indictment due to a fatal variance

 between the indictment and the evidence presented at trial; (3) failing to instruct the

 jury on the lesser included offense of assault with a deadly weapon; and (4) entering

 a civil judgment ordering Defendant to pay attorney’s fees without providing

 Defendant notice and an opportunity to be heard. We agree that the trial court erred

 by failing to instruct the jury on the lesser included offense. For this reason, we

 vacate the trial court’s judgment entered upon his criminal convictions, vacate the

 civil judgment as to attorney’s fees, and need not consider the merits of his other

 arguments.

¶9 Defendant argues that he “must receive a new trial because the trial court

 failed to instruct the jury on the lesser included offense of assault with a deadly
 STATE V. HUCKABEE

 2021-NCCOA-353

 Opinion of the Court

 weapon despite the fact that there was evidence that the injury was not serious and

 counsel for [Defendant] requested the instruction[.]”

¶ 10 “In North Carolina, a trial judge must submit lesser included offenses as

 possible verdicts, even in the absence of a request by the defendant, where sufficient

 evidence of the lesser offense is presented at trial.” State v. Lowe, 150 N.C. App. 682,

 686, 564 S.E.2d 313, 316 (2002) (citation omitted). “A trial court must give

 instructions on all lesser-included offenses that are supported by the evidence, even

 in the absence of a special request for such an instruction; and the failure to so

 instruct constitutes reversible error that cannot be cured by a verdict finding the

 defendant guilty of the greater offense.” State v. Lawrence, 352 N.C. 1, 19, 530 S.E.2d

 807, 819 (2000) (citations omitted). “The sole factor determining the judge’s

 obligation to give such an instruction is the presence, or absence, of any evidence in

 the record which might convince a rational trier of fact to convict the defendant of a

 less grievous offense.” State v. Wright, 304 N.C. 349, 351, 283 S.E.2d 502, 503 (1981)

 (citations omitted).

¶ 11 “A trial court’s decision not to give a requested lesser-included offense

 instruction is reviewed de novo on appeal.” State v. Matsoake, 243 N.C. App. 651,

 657, 777 S.E.2d 810, 814 (2015) (citation omitted). “When determining whether there

 is sufficient evidence for submission of a lesser included offense to the jury, we view

 the evidence in the light most favorable to the defendant.” State v. Ryder, 196 N.C.
 STATE V. HUCKABEE

 2021-NCCOA-353

 Opinion of the Court

 App. 56, 64, 674 S.E.2d 805, 811 (2009) (citing State v. Barlowe, 337 N.C. 371, 378,

 446 S.E.2d 352, 357 (1994)).

¶ 12 Unlike assault with a deadly weapon inflicting serious injury, “the lesser

 included offense of assault with a deadly weapon . . . does not require that the victim

 suffer serious injury.” State v. McCoy, 174 N.C. App. 105, 113, 620 S.E.2d 863, 870

 (2005). Accordingly, if a rational juror could conclude from the evidence presented at

 trial that Mr. Winfield did not suffer serious injury, then the trial court erred by

 failing to instruct the jury on the lesser included offense of assault with a deadly

 weapon, and Defendant is entitled to a new trial. Id. at 113-14, 620 S.E.2d at 870.

¶ 13 “[W]hether a serious injury has been inflicted depends upon the facts of each

 case and is generally for the jury to decide under appropriate instructions.” Id. at

 113, 620 S.E.2d at 870 (alteration in original) (quoting State v. Hedgepeth, 330 N.C.

 38, 53, 409 S.E.2d 309, 318 (1991)). “Pertinent factors for jury consideration include

 hospitalization, pain, blood loss, and time lost at work.” Id. at 113-114, 620 S.E.2d at

 870 (citation omitted).

¶ 14 For example, in McCoy, “[t]he State’s evidence tended to show that . . . [the]

 defendant had severely beaten [the victim] and restrained her against her will over

 the course of . . . [a] month and [a] half.” Id. at 108, 620 S.E.2d at 867. The victim

 reported that “the defendant beat her in the face[] and twisted her arm until it

 fractured.” Id. The State’s evidence “tended to show that . . . [the] defendant used
 STATE V. HUCKABEE

 2021-NCCOA-353

 Opinion of the Court

 his hands to twist [the victim’s] arm until it broke.” Id. at 113, 620 S.E.2d at 869.

 Notwithstanding the extent of the victim’s injuries, this Court held that “the jury

 could rationally have found [the] defendant guilty of assault with a deadly weapon”

 and that the trial “court erred by not instructing on that offense.” Id. at 114, 620

 S.E.2d at 870.

¶ 15 In another case, State v. Owens, 65 N.C. App. 107, 308 S.E.2d 494 (1983), the

 victim was shot by the defendant in the right arm and received medical treatment at

 a hospital. Id. at 109, 111, 308 S.E.2d at 496-98. The defendant argued on appeal

 “that the trial judge should have submitted a jury instruction on misdemeanor

 assault with a deadly weapon[.]” Id. at 110, 308 S.E.2d at 497. This Court agreed

 and held that “reasonable minds could differ” as to whether the victim’s injuries were

 serious, reasoning that the victim was only “treated at a hospital for about three

 hours.” Id. at 111, 308 S.E.2d at 498; see also State v. Bagley, 183 N.C. App. 514, 527,

 644 S.E.2d 615, 623-24 (2007) (holding that “reasonable minds could differ as to

 whether [the victim’s] injury was serious” where the victim sustained “a gunshot

 wound to the leg” for which the victim was hospitalized and released “after about two

 hours”).

¶ 16 Viewed in the light most favorable to Defendant, we conclude that a rational

 juror could have found that no serious injury occurred. Mr. Winfield’s injuries

 included a bleeding nose, bruised face, and “red marks and welts” on the forehead
 STATE V. HUCKABEE

 2021-NCCOA-353

 Opinion of the Court

 and back. Mr. Winfield also sustained “multiple fractures to the nasal area” and one

 fracture “underneath the eye.” However, this Court held in McCoy that reasonable

 minds could disagree as to whether the victim’s broken arm constituted a serious

 injury. McCoy, 174 N.C. App at 113-14, 620 S.E.2d at 870. Moreover, Dr. Brower

 testified at trial that the typical level of pain caused by facial fractures is “not quite

 the same as like a broken arm, because you’re generally not moving that part of your

 body as much.”

¶ 17 Mr. Winfield was treated and discharged from the hospital approximately one

 hour and thirty minutes after admission. In Owens and Bagley, both victims were

 similarly treated and discharged in under three hours. Owens, 65 N.C. App. at 111,

 308 S.E.2d at 498; Bagley, 183 N.C. App. at 527, 644 S.E.2d at 623-24. When asked

 why Mr. Winfield was not kept in the hospital for a longer period, Dr. Brower

 testified, “We typically don’t need to keep anybody longer for these types of injuries.”

¶ 18 During the charge conference after the presentation of evidence concluded, the

 trial court agreed to instruct the jury on the lesser included offense of simple assault,

 stating “I think I’ll put [the instruction] in. I think there is some evidence based on

 the questions you had of the doctor—that these [injuries] are not that serious.” This

 statement and the jury instruction on the charge of simple assault indicate the trial

 court must have concluded that a rational juror could have found that Mr. Winfield’s

 injuries were not serious. The trial court thus erred by failing to instruct the jury on
 STATE V. HUCKABEE

 2021-NCCOA-353

 Opinion of the Court

 the lesser included offense of assault with a deadly weapon. Defendant is entitled to

 a new trial.

¶ 19 Defendant also argues that the trial court erred by entering a civil judgment

 ordering Defendant to pay attorney’s fees without providing Defendant notice and an

 opportunity to be heard. Because we vacate the judgment entered upon Defendant’s

 convictions and remand for a new trial, Defendant is not required to pay attorney’s

 fees associated with the vacated convictions. See N.C. Gen. Stat. § 7A-455(c) (2019)

 (“No order for partial payment under subsection (a) . . . and no judgment under

 subsection (b) . . . shall be entered unless the indigent person is convicted.”); State v.

 Rogers, 161 N.C. App. 345, 346, 587 S.E.2d 906, 907 (2003) (“[T]he universal practice

 of the general courts of justice is to not reduce to judgment the money value of legal

 services provided an indigent person convicted at trial when an appeal is taken that

 results in a reversal of the conviction.”). We therefore vacate the trial court’s civil

 judgment as to attorney’s fees.

 III. Conclusion

¶ 20 For the reasons stated herein, we vacate the trial court’s judgment entered

 upon Defendant’s criminal convictions and remand for a new trial. We vacate the

 civil judgment as to attorney’s fees.

 NEW TRIAL; VACATE ATTORNEY’S FEES.

 Judges INMAN and GORE concur.